TREG TAYLOR
ATTORNEY GENERAL

Katherine Demarest (Alaska Bar No. 1011074)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5100
Email: kate.demarest@alaska.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Sierra Ott, on behalf of L.O., Chelsea Zimmerman, on behalf of E.Z., and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>State of Alaska, Department of Health, Heidi Hedberg, in her official capacity as Commissioner of the Department, Division of Public Assistance, and Deb Etheridge, in her official capacity as Director of the Division,<br><br>　　　　　Defendants. | Case No.: 3:24-cv-00153-SLG |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS
TO STAY BRIEFING ON MOTION TO DISMISS
AND
TO REMAND AND FOR ATTORNEY FEES**

　　　　Plaintiffs filed a Complaint arising under federal law, but did not assert facts

adequate to establish that they have standing in either federal court or state court.

According to Plaintiffs, a defendant can never remove such a case unless the defendant can fill in the gaps in the complaint with information sufficient to show injury in fact, and plaintiffs need not take a position on the subject. If the State cannot do so here, given that the Plaintiffs provided no information about their alleged injuries, Plaintiffs insist that remand is "imperative" simply because the State *argued* that Plaintiffs lack standing.[1]

Meanwhile Plaintiffs ask in a separate motion for a stay of briefing on the State's Motion to Dismiss.[2] In other words, the Plaintiffs would like to keep quiet about their standing in this Court, but presumably plan to argue that they sustained an injury in opposition to a motion to dismiss in state court. But the moment they did so, the State could remove the case to this Court again.[3]

The "dubious strategy" here is not the State's removal or its motion to dismiss. It is the Plaintiffs' have-our-cake-and-eat-it-too maneuver. Plaintiffs cite cases that federal courts remanded because the plaintiff lacked Article III standing. But in each of those cases, the court actually *decided* that the plaintiff lacked standing before remanding. Plaintiffs identify no authority for the novel proposition that a federal court should

---

[1] Docket 11-1 at 6, Docket 12 at 2 ("This case should be remanded to the Alaska Superior Court because the Defendants are arguing to this Court that this Court does not have jurisdiction over this matter.").

[2] Plaintiffs' Opposition to the Motion to Dismiss is currently due on Monday, August 26, 2024. *See* Local Civil Rule 7.2. No motion for an extension has been filed, and Plaintiffs did not seek expedited consideration of their Motion to Stay Briefing.

[3] *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018) (explaining that a case remanded due to lack of a concrete injury could be removed again after the plaintiff alleged injury).

*Ott, et al. v. SOA, et al.*                                                    Case No.: 3:24-cv-00153-SLG
Opposition to Motions to Stay Briefing and to Remand                  Page 2 of 13

Case 3:24-cv-00153-SLG    Document 17    Filed 08/21/24    Page 2 of 13

remand whenever a defendant points out standing deficiencies in a complaint, without bothering to engage with and decide the standing issue.

The State asks this Court to (1) deny Plaintiffs' motion to stay briefing on the motion to dismiss, and require them to respond to the argument that they lack standing in this Court, and (2) deny the Motion to Remand and for Attorneys' Fees. Remand might be an appropriate result if it turns out this Court does not have jurisdiction, but dismissal may also be appropriate. And if Plaintiffs can supplement the information in their Complaint with adequate allegations to meet Article III standing, the State has a right to a federal forum for this case.

## ARGUMENT

**I.   The Court cannot remand this case without first considering the issue of Plaintiffs' standing.**

The State's motion to dismiss makes two arguments—first, that the Complaint does not include allegations sufficient to show that the Plaintiffs have standing, and second, there is no private right of action arising under the federal statute requiring "reasonable promptness" in Medicaid eligibility determinations.[4] Plaintiffs ask this Court to remand the case not because they lack standing, but merely because *the State has argued* that they lack standing.

---

[4]   Docket 9.

*Ott, et al. v. SOA, et al.*                                                        Case No.: 3:24-cv-00153-SLG
Opposition to Motions to Stay Briefing and to Remand                                Page 3 of 13

Case 3:24-cv-00153-SLG   Document 17   Filed 08/21/24   Page 3 of 13

In each of the cases the Plaintiffs cite that was remanded due to lack of standing, the federal court actually ruled on the issue.[5] Procedurally, remand in these cases resulted from the court granting either a defendant's motion to dismiss on standing grounds or a plaintiff's motion to remand in which the plaintiff conceded lack of standing.

In *Collier v. SP Plus Corp.*, the Seventh Circuit case upon which Plaintiffs primarily rely, the parties *agreed* that the plaintiff lacked standing, and the dispute was about whether to dismiss or remand as a result.[6] The district court dismissed the case; the Seventh Circuit reversed and ordered it remanded to state court instead.[7] Because the complaint "did not sufficiently allege an actual injury," the court said it had not been removable when filed, even though the claim arose under federal law.[8] The court opined that "no unfairness" to the defendant would result because, after remand, the defendant "could remove" it again "if they receive[d] 'any paper that affirmatively and unambiguously reveals that the predicates for removal are present.'"[9]

---

[5] *Dutta v. State Farm Mutual Auto. Ins. Co.*, 895 F.3d 1166, 1171 n.3 (9th Cir. 2018) ("Although we affirm the district court's determination that it lacked subject matter jurisdiction over Dutta's claim due to lack of standing, a trial court does have jurisdiction to determine its own jurisdiction.") (internal quotation marks omitted).

[6] *Collier v. SP Plus Corp.*, 889 F.3d 894, 895 (7th Cir. 2018) ("This case presents an unusual circumstance: both parties insist that the plaintiffs lack Article III standing to sue.").

[7] *Id.* at 897.

[8] *Id.* at 896.

[9] *Id.* at 897 (quoting *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013).

*Ott, et al. v. SOA, et al.*     Case No.: 3:24-cv-00153-SLG
Opposition to Motions to Stay Briefing and to Remand     Page 4 of 13

Case 3:24-cv-00153-SLG   Document 17   Filed 08/21/24   Page 4 of 13

This approach rested on the Seventh Circuit's unwillingness to speculate about what a state court might do with a case in which the Plaintiffs openly admitted suffering no injury.[10] And the result made sense given the plaintiffs' concession. If the Plaintiffs here, like the *Collier* plaintiffs, concede that they have not suffered an injury-in-fact, the State would take that surprising concession and move to dismiss in state court as well. But if, as seems more likely, Plaintiffs would argue in state court that they *have* suffered an injury, they should explain their argument now to avoid another removal immediately following remand.[11] Plaintiffs' refusal to take a position on this central issue until after remand risks a pointless trip to state court and directly back to this court.

The other cases Plaintiffs cite similarly resulted in remands following judicial determinations that the plaintiff actually lacked standing or that jurisdiction was lacking for some other reason. In *Masuda v. Lucile Salter Packard Children's Hospital at Stanford*, the plaintiff made a clear concession that she "did not sustain actual harm" and moved to remand on that basis.[12] The defendant protested that the plaintiff could reverse

---

[10] *Id.* at 895, 897 (speculating that the plaintiff "presumably hoped that their case could stay alive [in state court] despite their lack of a concrete injury" and declining to consider the plausibility of that result because "a state's standing doctrine is the business of its own courts").

[11] *Collier*, 889 F.3d at 897 (explaining that a case remanded due to lack of injury could be removed again after the plaintiff alleged injury).

[12] *Masuda v. Lucile Salter Packard Children's Hospital at Stanford*, 2021 WL 4305979, at *1, 4 (N.D. Cal. Sept. 22, 2021) ("Before the Court is Plaintiff's Motion to Remand to state court, in which Plaintiff argues that she lacks Article III standing to bring this claim in federal court."). *Accord Orpilla v. Schenker, Inc.*, 2020 WL 2395002, at *2 (N.D. Cal. May 12, 2020) ("Plaintiff moves this Court to remand this action to California state court because 'there is no Article III standing . . . .'"); *Mayorga v.*

*Ott, et al. v. SOA, et al.*     Case No.: 3:24-cv-00153-SLG
Opposition to Motions to Stay Briefing and to Remand     Page 5 of 13

Case 3:24-cv-00153-SLG  Document 17  Filed 08/21/24  Page 5 of 13

course after remand and allege harm adequate to support federal standing, and the court noted that "mak[ing] representations inconsistent with those in her Complaint regarding her injury" could subject her to "appropriate relief" in state court.[13]

In other words, the Plaintiffs cannot disclaim injury sufficient to support Article III standing to avoid the exercise of federal jurisdiction and then say something completely different in state court.[14] They cannot have it both ways.

In *Depot, Inc. v. Caring for Montanans*, the plaintiffs did not concede the standing issue. They argued that they "had alleged a very specific injury."[15] But because the plaintiff also "voluntarily dismissed the individual employee plaintiffs, which effectively dismissed all federal law claims" and "both parties" therefore "agree[d] the case should not be heard in [federal] Court," that case was also remanded.[16]

The "many other examples" plaintiffs cite are all cases in which the federal court ruled that it had no jurisdiction, based upon standing or some other reason. In none of them did a court remand simply because a defendant *made an argument* that the plaintiff

---

*Carter's Inc.*, 2022 WL 1190350, at *2 (C.D. Cal. Apr. 21, 2022) (Plaintiff moved to remand "based on the fact that she lacks standing under Article III."); *Moore v. United Parcel Serv., Inc.*, 2019 WL 2172706 at *1 (N.D. Cal. May 13, 2019) (plaintiff moved to remand, contending she lacked Article III standing.).

[13]     *Id.* at *4.

[14]     *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1197 (9th Cir. 2016) ("This case lacked a named plaintiff with Article III standing, and therefore was not properly removed. Moreover, after remand of this appeal, Polo's lack of Article III standing will be law of the case.").

[15]     *Depot, Inc. v. Caring for Montanans, Inc.* at *1 (D. Mont. Oct. 30, 2019).

[16]     *Id.*

*Ott, et al. v. SOA, et al.*                                                Case No.: 3:24-cv-00153-SLG
Opposition to Motions to Stay Briefing and to Remand                  Page 6 of 13

Case 3:24-cv-00153-SLG    Document 17    Filed 08/21/24    Page 6 of 13

lacked standing. Each time, the court engaged with the question of its own jurisdiction and remanded only after finding it lacking.[17]

In sum, Plaintiffs are incorrect that remand is "imperative" when a defendant argues that the plaintiff lacks standing. Plaintiffs who *concede* that they did not suffer an injury-in-fact sufficient to support jurisdiction under Article III may be entitled to a remand rather than dismissal.[18] But the Plaintiffs cannot simply refuse to take a position about their own standing until the case is remanded and then reverse course. This Court should not allow such gamesmanship. If the Plaintiffs believe they have suffered a redressable injury—which presumably they do, since they filed the Complaint—they must oppose the State's Motion to Dismiss and provide the information they left out of their Complaint. And if after considering the motion on its merits, this Court concludes that it does have jurisdiction, the State has a right to a federal forum.[19]

---

[17] *E.g.*, *Perna v. Health One Credit Union*, 983 F.3d 258, 265, 273 (6th Cir. 2020) (affirming the district court's ruling that it lacked jurisdiction because clear statutory language provided that "no court shall have jurisdiction" over the claims at issue, noting that the case therefore should not have been removed, and dismissing the case because the state court would not have jurisdiction either); *Strojnik v. C&H Kingman LLC*, 2021 WL 1381354, at *4 (D. Ariz. Apr. 13, 2021) ("Having concluded that Mr. Strojnik does not have Article III standing to bring his ADA claim, this Court lacks subject matter jurisdiction."); *Strojnik v. W2005 New Century Hotel Portfolio LP*, 2021 WL 763860, at *2 (D. Ariz. Feb. 26, 2021) ("Strojnik fails to sufficiently allege Article III standing, and a remand to Superior Court is appropriate.").

[18] Dismissal could be appropriate under the futility exception in *Bell v. City of Kellogg*, 922 F.2d 1418, 1424-25 (9th Cir. 1991). See section II below.

[19] 42 U.S.C. § 1441(a).

*Ott, et al. v. SOA, et al.*                          Case No.: 3:24-cv-00153-SLG
Opposition to Motions to Stay Briefing and to Remand           Page 7 of 13

Case 3:24-cv-00153-SLG    Document 17    Filed 08/21/24    Page 7 of 13

**II.     If Plaintiffs lack standing and remand would be futile, this Court could dismiss rather than remand.**

If, after the Motion to Dismiss is fully briefed, this Court concludes that the Plaintiffs do not have standing, remand to the Alaska Superior Court could result. Some federal courts, including the Seventh Circuit in *Collier*, have "interpreted 28 U.S.C. § 1447(c)" instruction to remand removed cases if jurisdiction is lacking "as removing the discretion to deny remand once a federal court determines that it lacks subject matter jurisdiction."[20]

But that is not the law that governs in this Court.[21] The Ninth Circuit held in *Bell v. City of Kellogg* that 28 U.S.C. § 1447(c) leaves discretion to deny remand "where a federal court determines that it lacks subject matter jurisdiction" and where "remand to state court would be futile," because the court does "not believe Congress intended to ignore the interest of efficient use of judicial resources."[22] The Ninth Circuit recently confirmed the continued viability of the "narrow futility exception" and affirmed

---

[20]     *Bell v. City of Kellogg*, 922 F.2d 1418, 1424-25 (9th Cir. 1991); *see Collier*, 889 F.3d at 895.

[21]     *Bell*, 922 F.2d at 1424-25; *Strojnik v. LADA Sedona LP*, 2021 WL 390660, at *1 (D. Ariz. Feb. 4, 2021) ("Although other Circuits have rejected *Bell*'s approach, holding that a remand is always required when a district court determines it lacks subject matter jurisdiction in a removal action, *Bell* remains good law in the Ninth Circuit.").

[22]     *Bell*, 922 F.2d at 1424-25.

*Ott, et al. v. SOA, et al.*                                                                        Case No.: 3:24-cv-00153-SLG
Opposition to Motions to Stay Briefing and to Remand                                    Page 8 of 13

Case 3:24-cv-00153-SLG   Document 17   Filed 08/21/24   Page 8 of 13

dismissal, rather than remand, where the court lacked jurisdiction.[23] Numerous recent examples exist in this circuit of dismissals under the futility exception where the plaintiff lacked standing.[24]

The question of whether remand or dismissal is the best outcome must be considered in the context of the Motion to Dismiss if the Court concludes standing is lacking. Depending on Plaintiff's arguments about their basis for standing in this Court, the State might agree that remand is the better course of action. Or the State might argue in its Reply that remand would be futile, making dismissal appropriate under *Bell*.

### III. No court has awarded attorney's fees in an analogous cases, and this court has no basis to do so here.

Even if this case is ultimately remanded due to lack of standing—through the vehicle of the Plaintiffs' remand motion or the State's Motion to Dismiss—there is no basis whatsoever for an award of attorney's fees. The Supreme Court has instructed that

---

[23] *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1190 (9th Cir. 2022), cert. denied, 144 S. Ct. 74, 217 L. Ed. 2d 11 (2023). Plaintiffs cite *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1198 (9th Cir. 2016) for the proposition that this Court *must* remand if they lack standing. But in fact, *Polo* confirms that the *Bell* futility exception, narrow though it may be, remains good law ("Polo has not argued that *Bell* is no longer controlling law, and we decline to so hold *sua sponte*.").

[24] *E.g.*, *Gunter v. Myers*, 2024 WL 1405387, at *1 (9th Cir. Apr. 2, 2024) (affirming district court ruling that Plaintiffs lacked standing and remanding with instructions to dismiss without prejudice); *Strojnik v. Driftwood Hosp. Mgmt., LLC*, No. 21-16060, 2022 WL 1642234, at *1 (9th Cir. May 24, 2022) (affirming dismissal for lack of standing because "remand would have been futile"); *Washington Election Integrity Coal. United v. Fell*, 2022 WL 4598505, at *1 (W.D. Wash. Sept. 30, 2022) ("Because the individual Plaintiffs lack Article III standing and the Court has no supplemental jurisdiction over the remaining state law claims, and because remand to state court would be futile, the Court dismisses the case.").

*Ott, et al. v. SOA, et al.*                                    Case No.: 3:24-cv-00153-SLG
Opposition to Motions to Stay Briefing and to Remand            Page 9 of 13

Case 3:24-cv-00153-SLG   Document 17   Filed 08/21/24   Page 9 of 13

"absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."[25] "By enacting the removal statute, Congress granted a right to a federal forum to a limited class of state-court defendants. If fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove was obvious."[26]

The State acted in an objectively reasonable manner when it exercised its right to remove this case because the federal question jurisdiction of this Court is obvious.[27] And it is also objectively reasonable for the State to argue that Plaintiffs lack standing, especially given that the Complaint is devoid of allegations of injury in fact.[28] Plaintiffs' failure to provide information pertinent to their standing weighs against a fee award, even if remand is the ultimate result.[29]

The Ninth Circuit has often rejected motions for attorneys' fees in cases that turned out to have been improperly removed.[30] The bar for imposing attorneys' fees is

---

[25] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005).

[26] *Id.* at 711.

[27] *See Due Hau Tran v. Hous. Auth. of the Cnty. of Los Angeles*, 619 F. App'x 618, 619 (9th Cir. 2015) ("The district court did not abuse its discretion in denying [the] motion for attorney's fees and costs because the [defendant] had an objectively reasonable basis to remove [the] action, as the complaint contained allegations concerning violations of federal laws.").

[28] *Martin*, 546 U.S at 141 ("[A] plaintiff's . . . failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.").

[29] *Id.*

[30] *Keehan Tennessee Invs., LLC v. Guardian Cap. Advisors, Inc.*, 692 F. App'x 445, 446 (9th Cir. 2017) (holding that the district court abused its discretion in awarding fees after removal and remand because "Plaintiffs' state-court complaint did not allege facts

*Ott, et al. v. SOA, et al.*     Case No.: 3:24-cv-00153-SLG
Opposition to Motions to Stay Briefing and to Remand     Page 10 of 13

Case 3:24-cv-00153-SLG   Document 17   Filed 08/21/24   Page 10 of 13

high, and Plaintiffs have not alleged any meaningful reason for doing so. An award of fees would be especially inappropriate in light of the possibility under *Bell* that this case could be dismissed rather than remanded due to lack of standing.

*   *   *

Plaintiffs ask this Court to remand this case for lack of standing under Article III without actually whether they have standing under Article III. That would be wrong. If Plaintiffs concede or this Court concludes that they lack standing, remand would be appropriate under 42 U.S.C. § 1447(c) (though the State could still argue for dismissal under the *Bell* futility exception). If, on the other hand, Plaintiffs *do* have standing, this case belongs in this Court.

---

sufficient to determine whether federal diversity jurisdiction existed," providing only "general allegations about Plaintiffs' citizenships"); *Baker Ranches, Inc. v. Haaland*, 2023 WL 6784357, at *2 (9th Cir. Oct. 13, 2023) ("Due to the plausible jurisdictional challenges raised by the government, the district court did not abuse its discretion in denying [a] request for attorney's fees and costs under 28 U.S.C. § 1447(c) because the government did not 'lack[ ] an objectively reasonable basis for seeking removal.'"); *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018) (explaining that removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."). *Compare U.S. Bank, N.A. as Tr. for J.P. Morgan Mortg. Acquisition Tr. 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2 v. Amina,* 830 F. App'x 940, 941 (9th Cir. 2020) ("The district court did not abuse its discretion in awarding plaintiff fees and costs because appellants lacked an objectively reasonably basis to remove the action, as their argument that Hawaii is not a state is frivolous.").

*Ott, et al. v. SOA, et al.* Case No.: 3:24-cv-00153-SLG
Opposition to Motions to Stay Briefing and to Remand Page 11 of 13

Case 3:24-cv-00153-SLG   Document 17   Filed 08/21/24   Page 11 of 13

## CONCLUSION

The State respectfully requests that this Court deny both the Motion to Stay Briefing on the Motion to Dismiss and the Motion Remand and for Attorneys' Fees. Whether to remand, dismiss, or allow the case to proceed is a question that can be answered only after the Court decides the standing issue.

DATED: August 21, 2024.

> TREG TAYLOR
> ATTORNEY GENERAL
>
> By: */s/Katherine Demarest*
> Katherine Demarest
> Assistant Attorney General
> Alaska Bar No. 1011074
> Department of Law
> 1031 West Fourth Avenue, Ste. 200
> Anchorage, AK 99501
> Phone: (907) 269-5100
> Email: kate.demarest@alaska.gov
> Attorney for Defendants

*Ott, et al. v. SOA, et al.*     Case No.: 3:24-cv-00153-SLG
Opposition to Motions to Stay Briefing and to Remand     Page 12 of 13

Case 3:24-cv-00153-SLG   Document 17   Filed 08/21/24   Page 12 of 13

<u>Certificate of Service</u>

I certify that on August 21, 2024 the foregoing **Opposition to Motions to Stay Briefing and to Remand** was served via ECF on:

James J. Davis, Jr.
Northern Justice Project, LLC (Anchorage)
406 G Street, Suite 207
Anchorage, AK 99501
jdavis@njp-law.com

Goriune Dudukgian
Northern Justice Project, LLC (Anchorage)
406 G Street, Suite 207
Anchorage, AK  99501
gdudukgian@njp-law.com

Nicholas Feronti
Northern Justice Project, LLC (Anchorage)
406 G Street, Suite 207
Anchorage, AK 99501
nferonti@njp-law.com


*/s/Katherine Demarest*
Katherine Demarest
Assistant Attorney General

*Ott, et al. v. SOA, et al.*　　　　　　　　　　　　　　　　　　　　　　Case No.: 3:24-cv-00153-SLG
Opposition to Motions to Stay Briefing and to Remand　　　　　　　　　　Page 13 of 13

Case 3:24-cv-00153-SLG   Document 17   Filed 08/21/24   Page 13 of 13