James J. Davis, Jr., AK Bar No. 9412140
Goriune Dudukgian, AK Bar No. 0506051
Nicholas Feronti, AK Bar No. 2106069
**NORTHERN JUSTICE PROJECT, LLC**
406 G Street, Suite 207
Anchorage, AK 99501
(907) 308-3395 (telephone)
(866) 813-8645 (fax)
Email: jdavis@njp-law.com
Email: gdudukgian@njp-law.com
Email: nferonti@njp-law.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Sierra Ott, on behalf of L.O., Chelsea Zimmerman, on behalf of E.Z., and all those similarly situated,<br><br>       *Plaintiffs*,<br><br>v.<br><br>State of Alaska, Department of Health, Heidi Hedberg, in her official capacity as Commissioner of the Department, Division of Public Assistance, and Deb Etheridge, in her official capacity as Director of the Division,<br><br>       *Defendant*. | Case No. 3:24-cv-00153-SLG<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEY'S FEES** |

## I. PRELIMINARY STATEMENT

The elephantine question remains. Why did the State remove this case from state court based on a promise that this Court would have jurisdiction, only to then turn around

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEY'S FEES
*Sierra Ott, et al. v. State of Alaska, et. al.*; Case No. 3:24-cv-00153-SLG
Page 1 of 11

Case 3:24-cv-00153-SLG Document 18 Filed 08/27/24 Page 1 of 11

and claim that the Court lacks jurisdiction? Despite pages and pages of an "opposition" to a remand, the State gives no good answer to this question.

Instead, the State doubles down by talking around its dubious tactic, and then it makes even more dubious arguments that continue to misapply the law about removals and remands. This Court should not be fooled. The State continues to deny that this Court has jurisdiction. Yet it is the State's burden, in the first place, to establish that this Court has jurisdiction for a removal. The State has failed to do so, per its own words. This case should thus be remanded, with haste, so that the parties can litigate about the actual issue, i.e. the State's illegal failure to provide Medicaid to disabled Alaskans.

## II. ARGUMENT

### A. Despite Initially Promising That This Court Would Have Jurisdiction, The State Now Argues That The Court Lacks Jurisdiction.

The State does not contest its contradictions about this Court's jurisdiction. Initially, when the State removed this case from state court, it promised that this Court would have jurisdiction.[1] Yet since then, the State now denies that this Court has jurisdiction.[2]

For starters, shortly after removing this case, the State filed a motion to dismiss that argues that the plaintiffs "lack standing, and the Court lacks subject matter jurisdiction over their claims."[3] In that motion to dismiss, the State argues at length that the plaintiffs lack

---

[1] ECF No. 1 at 2.

[2] ECF No. 9 at 3, 7-8, 9-16; ECF No. 17 at 1, 3.

[3] ECF No. 9 at 3.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEY'S FEES
*Sierra Ott, et al. v. State of Alaska, et. al.*; Case No. 3:24-cv-00153-SLG
Page 2 of 11
Case 3:24-cv-00153-SLG   Document 18   Filed 08/27/24   Page 2 of 11

standing under Article III of the United States Constitution, which is a prerequisite for federal jurisdiction.[4]

Further, in opposing a remand, the State now continues to claim that this Court lacks jurisdiction.[5] For instance, the State leads its opposition by claiming that the plaintiffs' complaint "did not assert facts adequate to establish that they have standing" in this Court.[6] Or, the State reiterates that its motion to dismiss argues "that the Complaint does not include allegations sufficient to show that the Plaintiffs have standing."[7]

So, the State's many quips in its opposition are misplaced.[8] The State is the one engaging in a "have-our-cake-and-eat-it-too maneuver."[9] The State is the one that "cannot have it both ways."[10] And the State is the one that is engaging in "gamesmanship" that "[t]his Court should not allow."[11] Indeed, the State is the party that promised that there was jurisdiction in one filing, only to repeatedly disclaim that jurisdiction in its later filings.

---

[4]   *Id.* at 3, 7-8, 9-16.

[5]   ECF No. 17 at 1, 3.

[6]   *Id.* at 1.

[7]   *Id.* at 3.

[8]   *See, e.g., Hewitt v. Helix Energy Sols. Grp.,* 983 F.3d 789, 798 (5th Cir. 2020) (Ho, J., concurring) ("More often than not, any writing's persuasive value is inversely proportional to its use of hyperbole and invective.").

[9]   ECF No. 17 at 2.

[10]   *Id.* at 6.

[11]   *Id.* at 7.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEY'S FEES
*Sierra Ott, et al. v. State of Alaska, et. al.*; Case No. 3:24-cv-00153-SLG
Page 3 of 11

**B. The State Ignores That It Is The State's <u>Own Burden</u> To Justify Removal.**

The State correctly notes that this Court's decision to remand this case requires "first considering the issue of Plaintiffs' standing."[12] However, the State then makes a backwards proposal for *how* to consider standing; it suggests that the plaintiffs must weigh in and help the State prove or disprove whether they have Article III standing.[13]

The State ignores that, as the party invoking federal jurisdiction, it bears the burden of establishing Article III standing.[14] And, the State also declines to respond to the related principles about removal, which the plaintiffs briefed at length in their primary motion:

- The State never rebuts how this Court has held that statutes are strictly construed against removal.[15]

- The State never rebuts how this Court has held that federal courts are presumed to lack removal jurisdiction.[16]

- The State never rebuts how this Court has held that federal courts "reject federal jurisdiction if there is any doubt as to the right of removal."[17]

---

[12]   *Id.* at 3.

[13]   *Id.* at 2, 3, and 5.

[14]   *Lujan v. Def. of Wildlife,* 504 U.S. 555, 560-61 (1992).

[15]   *Horvath v. Triumvirate, LLC,* 2023 U.S. Dist. LEXIS 105900, *4 (D. Alaska, June 20, 2023); *Barber v. Miller,* 2023 U.S. Dist. LEXIS 45950, *2 (D. Alaska, Mar. 20, 2023).

[16]   *Lutton v. Walmart, Inc.,* 2020 U.S. Dist. LEXIS 146614, *2 (D. Alaska, Aug. 14, 2020).

[17]   *Wagner v. Ruppert,* 2023 U.S. Dist. LEXIS 227937, *6 (D. Alaska, Dec. 21, 2023); *see also Barber v. Miller,* 2023 U.S. Dist. LEXIS 45950, *2 (D. Alaska, Mar. 20, 2023); *Lutton v. Walmart, Inc.,* 2020 U.S. Dist. LEXIS 146614, *2 (D. Alaska, Aug. 14, 2020); *Buscher v. Tangwall,* 2019 U.S. Dist. LEXIS 247148, *3 (D. Alaska, June 13, 2019).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEY'S FEES
*Sierra Ott, et al. v. State of Alaska, et. al.*; Case No. 3:24-cv-00153-SLG
Page 4 of 11

Case 3:24-cv-00153-SLG   Document 18   Filed 08/27/24   Page 4 of 11

- And the State never rebuts how this Court has, over and over again, held that, "[w]hen an action is removed from state court, **the removing party bears the burden of demonstrating that removal is proper.**"[18]

Nor does the State offer any authority, at all, for its idea that the plaintiffs somehow must assist the State in proving or disproving Article III standing. The State repeatedly yet summarily claims that the plaintiffs must take a position on the matter.[19] Not only is this at odds with the above law, but it would surprise federal courts.

For instance, *Walker v. Kroger Co.* is another case where the defendant "tried to have it both ways by asserting, then immediately disavowing, federal jurisdiction."[20] The court remanded the case after citing analogous cases.[21] In so doing, the court also explicitly indicated that the reasoning for remand "did **not** depend on the **plaintiff's** position regarding standing."[22]

---

[18] *Wagner v. Ruppert,* 2023 U.S. Dist. LEXIS 227937, *6 (D. Alaska, Dec. 21, 2023) (emphasis added); *Horvath v. Triumvirate, LLC,* 2023 U.S. Dist. LEXIS 105900, *4 (D. Alaska, June 20, 2023) ("[T]he defendant always has the burden of establishing that removal is proper."); *Barber v. Miller,* 2023 U.S. Dist. LEXIS 45950, *2 (D. Alaska, Mar. 20, 2023) ("[T]he party seeking removal bears the burden of establishing federal jurisdiction."); *Lutton v. Walmart, Inc.,* 2020 U.S. Dist. LEXIS 146614, *2 (D. Alaska, Aug. 14, 2020) ("[T]he defendant always has the burden of establishing that removal is proper.").

[19] ECF No. 17 at 2, 3, 5-7, and 11.

[20] *Walker v. Kroger Co.,* 2022 U.S. Dist. LEXIS 243332, *3 (N.D. Cal. June 21, 2022).

[21] *Id.* at *4 ("By arguing, immediately upon removal and without any changed circumstances, that Walker lacks standing, Kroger has not met its burden of establishing subject matter jurisdiction.").

[22] *Id.* at *3 (emphasis added).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEY'S FEES
*Sierra Ott, et al. v. State of Alaska, et. al.*; Case No. 3:24-cv-00153-SLG
Page 5 of 11

Case 3:24-cv-00153-SLG   Document 18   Filed 08/27/24   Page 5 of 11

Similarly, in *Martinez v. Royal Links Golf Club*, the defendant "removed the case to federal court based on" federal question jurisdiction yet "then promptly moved to dismiss . . . based on the plaintiff's lack of Article III standing."[23] As that court held:

> **Plaintiff does not take a position on whether Article III standing exists**, and defendant argues that Plaintiff has failed to state a claim that would establish Article III standing because his alleged injury is entirely speculative. The burden to establish removal jurisdiction is on the defendant, as the removing party here. Because the defendant has not met that burden but instead argued that this court lacks the power to hear this case because of a lack of Article III standing, it appears that this court lacks subject-matter jurisdiction, and I remand this case under 28 U.S.C. § 1447(c).[24]

Or, still another similar case is *Cumberland County. v. Chemours Company,* where the defendant contended that the plaintiff county lacked Article III standing, which was "an issue on which Cumberland County [took] no position."[25] There, the court held:

> Defendants cannot use the bare requirements of section 1332 to get a foot in the door of a federal court and thereby obtain a clean slate on which to seek dismissal for lack of subject-matter jurisdiction. Instead, defendants bear the burden to show both a basis for diversity jurisdiction and that Cumberland County has Article III standing. By arguing Cumberland County lacks standing, defendants have not carried their burden.[26]

Finally, the State is also off-base to claim that the plaintiffs must take a position on Article III standing because it may come up again in state court.[27] Instead, as a panel with

---

[23]   2019 U.S. Dist. LEXIS 30810, *1 (D. Nev. Feb. 25, 2019).

[24]   *Id.* (internal citations and quotations omitted) (emphasis added).

[25]   *Cumberland Cnty. v. Chemours Co.,* 608 F. Supp. 3d 294, 297-298 (E.D.N.C. 2022).

[26]   *Id.* (internal citations omitted).

[27]   ECF No. 17 at 8.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEY'S FEES
*Sierra Ott, et al. v. State of Alaska, et. al.*; Case No. 3:24-cv-00153-SLG
Page 6 of 11

Case 3:24-cv-00153-SLG   Document 18   Filed 08/27/24   Page 6 of 11

a future Supreme Court justice said in *Collier v. SP Plus Corporation*: "We have no basis to order these plaintiffs how to plead their case in state court after remand."[28] Nor does the State's concern seem to cognize how Alaska law on standing departs from Article III.[29]

In short, contrary to the State's conclusory resistance, the State bears the burden to justify removal. And the State fails to satisfy it. Meanwhile, federal courts reject the State's uncited claim that the plaintiffs must somehow help the State during this quixotic process.

**C. The State's "Futility" Argument Is Also Misguided.**

Atop its failure to establish that this Court has jurisdiction, the State concedes that "remand to the Alaska Superior Court could result."[30] Yet the State argues that "this Court could dismiss rather than remand" if a "remand would be futile."[31] In support, the State then cites inapposite cases that were dismissed as futile instead of remanded.[32]

Yet the State fails to grapple with the strict requirements for a futility exception to a remand. While the State notes that such an exception is "narrow," it never explains how.[33]

---

[28] *Collier v. SP Plus Corp.,* 889 F.3d 894, 897 (7th Cir. 2018) (internal citations and quotations omitted) (emphasis added) ("SP Plus requests that we order Collier and Seitz to amend their Cook County Complaint to support their allegations of actual damages or strike these allegations from that Complaint. **This is impossible.** We have no basis to order these plaintiffs how to plead their case in state court after remand.").

[29] *See infra n.*38.

[30] ECF No. 17 at 8.

[31] *Id*.; *see also id.* at 2, 7.

[32] *Id.* at 8-9.

[33] *Id.* at 9 (emphasis added) (using term "*narrow* futility exception"); *cf. id.* at 1-13 (never explaining why a futility exception is "narrow" or what is requires).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEY'S FEES
*Sierra Ott, et al. v. State of Alaska, et. al.*; Case No. 3:24-cv-00153-SLG
Page 7 of 11

Case 3:24-cv-00153-SLG   Document 18   Filed 08/27/24   Page 7 of 11

That is, a trial court may only apply the exception if it has "absolute certainty" that a state court would dismiss.[34] Eventual dismissal of a case must be so clear so as to be "foreordained."[35] Further, these strict requirements trace back to a case cautioning about letting state courts adjudicate their own jurisdiction.[36] And, even if remand is indeed futile, the application of the futility exception is still only discretionary, not mandatory.[37]

Here, the State has not tried to show *why* a remand is futile, let alone with "absolute certainty" that it is "foreordained." The State's filings never even differentiate between the federal law on Article III standing, and the Alaska law on standing that will apply on remand.[38] The State just ignores the latter. The State cannot credibly claim that a dismissal

---

[34] *See, e.g., Sauk-Suiattle Indian Tribe v. City of Seattle,* 56 F.4th 1179, 1189 (9th Cir. 2022); *Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.,* 30 F.4th 905, 920 n.6 (9th Cir. 2022); *Polo v. Innoventions Int'l, LLC,* 833 F.3d 1193, 1198 (9th Cir. 2016); *Bell v. City of Kellogg,* 922 F.2d 1418, 1425 (9th Cir. 1991).

[35] *See, e.g., Polo,* 833 F.3d at 1198; *Rogers v. Lyft, Inc.,* 452 F. Supp. 3d 904, 920 (N.D. Cal. 2020).

[36] *Bell*, 922 F.2d at 1425 (citing *M.A.I.N. v. Commissioner, Maine Dept. of Human Servs.,* 876 F.2d 1051, 1054-1056 (1st Cir. 1989)) (the latter stating: "Maine procedural law is a matter for the Maine state courts to decide . . . In sum, despite our doubts about whether MAIN can convince the state court that it has standing and that it may bring its action in the Secretary's absence, we believe that MAIN should have a chance to try.").

[37] *See, e.g., Sauk-Suiattle Indian Tribe,* 56 F. 4th at 1189 (a futility exception "permits" dismissal); *Glob. Rescue Jets, LLC,* 30 F. 4th at 920 n.6 (a futility exception "permits" dismissal); *Polo,* 833 F.3d at 1197 (a district court "may" apply the exception).

[38] Per the Alaska Supreme Court, "[s]tanding in our state courts is not a constitutional doctrine; rather, it is a rule of judicial self-restraint based on the principle that courts should not resolve abstract questions or issue advisory opinions." *Trustees for Alaska v. State,* 736 P.2d 324, 327 (Alaska 1987). As such, standing "has been interpreted broadly in Alaska,"

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEY'S FEES
*Sierra Ott, et al. v. State of Alaska, et. al.*; Case No. 3:24-cv-00153-SLG
Page 8 of 11
Case 3:24-cv-00153-SLG    Document 18    Filed 08/27/24    Page 8 of 11

is "foreordained" without bothering to explain why it thinks that the plaintiffs would lack standing in state court. At any rate, per *Collier*, "a state's standing doctrine is the business of its own courts; it is not for this court to venture how the case would there be resolved."[39]

Further, the futility exception must be invalidated.[40] It flouts 28 U.S.C. § 1447(c), which unambiguously requires remand when a federal court lacks jurisdiction.[41]

### D. An Award of Attorney's Fees Is Appropriate.

The State claims that an award of attorney's fees is inappropriate because it was "objectively reasonable for the State to argue that Plaintiffs lack standing."[42] The State also

---

and not in the "restrictive" manner it is in federal court under Article III of the U.S. Constitution. *Id.* Indeed, the Alaska Supreme Court has favored "increased accessibility to judicial forums," as long as the basic requirement of "adversity of interests" is satisfied. *Id.; Law Project for Psychiatric Rights, Inc. v. State,* 239 P.3d 1252, 1255 (Alaska 2010). For instance, a plaintiff in Alaska has interest-injury standing if he or she "has an interest adversely affected by the conduct complained of." The interest may be intangible, like an "aesthetic or environmental interest," and the degree of injury to the interest need not be great; even "an identifiable trifle is enough for standing to fight out a question of principle; the trifle is the basis for standing and the principle supplies the motivation." *Tr. of Alaska,* 736 P.2d at 327.

[39]  *Collier,* 889 F.3d at 897 (internal citations and quotations omitted).

[40]  This was aptly explained by a Ninth Circuit concurrence, which was joined by all three panel members. *Sauk-Suiattle Indian Tribe,* 56 F. 4th at 1191-1193. While this Court must follow binding Ninth Circuit precedent, the plaintiffs wish to preserve the issue.

[41]  *See, e.g., Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 89 (1991); *Bromwell v. Mich. Mut. Ins. Co.,* 115 F.3d 208, 214 (3d Cir. 1997); *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.,* 74 F.3d 46, 49 (4th Cir. 1996); *Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.,* 23 F.3d 1134, 1139 (7th Cir. 1994); *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999); *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 496 (6th Cir. 1999).

[42]  ECF No. 17 at 10.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEY'S FEES
*Sierra Ott, et al. v. State of Alaska, et. al.*; Case No. 3:24-cv-00153-SLG
Page 9 of 11

Case 3:24-cv-00153-SLG   Document 18   Filed 08/27/24   Page 9 of 11

claims that "[n]o court has awarded attorney's fees in an (sic) analogous cases."[43]

The State is wrong. In *Barnes v. ARYZTA, LLC*, the court remanded an analogous case and noted "that Plaintiff does not have to take a position on the standing issue while Defendant does, because Defendant bears the burden of establishing jurisdiction.[44] Then, the court awarded attorney's fees.[45] Or, in *Zhirovetskiy v. Zayo Group,* a plaintiff argued that a defense motion just "cast[ed] doubt" on Article III standing, and the court remanded and awarded attorney's fees.[46] There are other, similar examples.[47] Indeed, scholars have recently come up with a name for the State's dubious tactic – a "fraudulent removal."[48]

| | |
|---|---|
| Dated: August 27, 2024 | NORTHERN JUSTICE PROJECT, LLC<br>Attorneys for Plaintiffs<br><br>*/s/* Nicholas Feronti<br>James J. Davis, Jr., AK Bar No. 9412140<br>Goriune Dudukgian, AK Bar No. 0506051<br>Nicholas Feronti, AK Bar No. 2106069 |

---

[43]  *Id.* at 9.

[44]  *Barnes v. ARYZTA, LLC,* 288 F. Supp. 3d 834, 839 (N.D. Ill. 2017).

[45]  *Id.* at 840.

[46]  *Zhirovetskiy v. Zayo Group,* 2018 U.S. Dist. LEXIS 240602, *1 and *3-4 (N.D. Ill. Mar. 7, 2018).

[47]  *Mocek v. Allsaints USA Ltd.,* 220 F. Supp. 3d 910, 915 (N.D. Ill. 2016) (awarding attorney's fees when both parties agreed that Article III standing was lacking); *Morgan v. Bank of Am., N.A.,* 2020 U.S. Dist. LEXIS 123707, *3 (E.D. Wash. July 14, 2020) (same).

[48]  Zachary D. Clopton & Alexandra D. Lahav, Fraudulent Removal, 135 Harv L. Rev. F. 87, 103 (2021) (also noting that it "is an example of a litigation practice that abuses the civil justice system, increases costs for both parties, and drains judicial resources.")

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEY'S FEES
*Sierra Ott, et al. v. State of Alaska, et. al.*; Case No. 3:24-cv-00153-SLG
Page 10 of 11

Case 3:24-cv-00153-SLG   Document 18   Filed 08/27/24   Page 10 of 11

# CERTIFICATE OF SERVICE

A true and correct copy of this filing was served on counsel of record for the defendants via the CM/ECF or electronic mail on August 27, 2024.

/s/ Nicholas Feronti
Nicholas Feronti, AK Bar No. 2106069

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEY'S FEES
*Sierra Ott, et al. v. State of Alaska, et. al.*; Case No. 3:24-cv-00153-SLG
Page 11 of 11

Case 3:24-cv-00153-SLG   Document 18   Filed 08/27/24   Page 11 of 11