# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

SIERRA OTT, on behalf of L.O.,
and others similarly situated,

               Plaintiffs,

        v.

STATE OF ALASKA, DEPARTMENT
OF HEALTH, *et al.*,

               Defendants.

Case No. 3:24-cv-00153-SLG

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

Before the Court at Docket 11 is a Motion to Remand to State Court and for Attorney's Fees filed by Plaintiffs Sierra Ott, on behalf of L.O. and others similarly situated ("Plaintiffs"). Defendant State of Alaska Department of Health ("the State") responded in opposition at Docket 17, to which Plaintiffs replied at Docket 18. Several other motions are also pending.[1] Oral argument was not requested on the motions and was not necessary to the Court's determination. For the reasons set forth below, Plaintiffs' Motion to Remand to State Court is **GRANTED**, but Plaintiffs' request for attorney's fees is **DENIED**; the remaining motions are all **DENIED AS MOOT**.

---

[1] *See* Docket 9; Docket 12; Docket 13; Docket 16.

## BACKGROUND

On June 6, 2024, Plaintiffs filed a class action complaint against the State in Alaska Superior Court.[2]  The complaint alleges that the State was engaged in a pattern of failing to timely process Medicaid applications for disabled Alaskans in violation of 42 U.S.C. § 1396a(a)(8) and 7 AAC 100.018.[3]

On July 16, 2024, the State removed the case to this Court pursuant to 28 U.S.C. § 1441(a), asserting that this Court has "original jurisdiction over this matter pursuant to [the federal question jurisdiction statute] 28 U.S.C. § 1331," as well as supplemental jurisdiction over Plaintiffs' state law claims.[4]  On August 5, 2024, the State filed a Motion to Dismiss, asserting that Plaintiffs lacked Article III standing and thus that the Court lacked subject matter jurisdiction.[5]  On August 7, Plaintiffs filed a Motion to Remand to State Court and for Attorney's Fees, contending that by disputing jurisdiction, the State had failed to meet its removal burden.[6]  The following day, Plaintiffs filed a Motion to Stay Briefing on Defendants' Motion to Dismiss until the Court first decided Plaintiffs' Motion to Remand.[7]  On August 21, the State opposed Plaintiffs' Motion to Stay Briefing and Motion to Remand,

---

[2] Docket 1-1 at 3.

[3] Docket 1-1 at 4–11.

[4] Docket 1 at 2.

[5] Docket 9 at 3.

[6] Docket 11 at 1; Docket 11-1 at 3–9.

[7] Docket 12 at 1.

Case No. 3:24-cv-00153-SLG, *Ott, et al. v. SOA Dep't of Health, et al.*
Order Granting Plaintiffs' Motion to Remand
Page 2 of 14
Case 3:24-cv-00153-SLG   Document 22   Filed 10/17/24   Page 2 of 14

maintaining that a decision must be made on standing before the Court can rule on whether to remand, and calling on Plaintiffs to take a position on the issue.[8] Plaintiffs replied on August 27, 2024.[9]

There are two additional motions pending. On August 13, 2024, the State filed a Motion to Stay Discovery Pending Resolution of Motion to Dismiss.[10] The next day, Plaintiffs submitted a Motion to Stay Briefing on Defendants' Motion to Stay Discovery until the Court first decided on its Motion to Remand.[11] On August 28, the State asserted that Plaintiffs had missed the deadlines to respond to its Motion to Stay Discovery and its Motion to Dismiss, but that the State did not oppose a stay on briefing.[12] Plaintiffs replied on September 3, requesting an opportunity to respond to the State's Motion to Dismiss should the Court deny its Motion for Remand.[13]

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to the appropriate federal district court when that district court has original jurisdiction. Original jurisdiction in civil cases generally arises from

---

[8] Docket 17 at 1–3.

[9] Docket 18.

[10] Docket 13.

[11] Docket 16.

[12] Docket 20 at 2.

[13] Docket 21 at 3.

Case No. 3:24-cv-00153-SLG, *Ott, et al. v. SOA Dep't of Health, et al.*
Order Granting Plaintiffs' Motion to Remand
Page 3 of 14

Case 3:24-cv-00153-SLG   Document 22   Filed 10/17/24   Page 3 of 14

diversity jurisdiction pursuant to 28 U.S.C. § 1332 or federal question jurisdiction pursuant to 28 U.S.C. § 1331.  In addition, the U.S. Constitution's Article III case or controversy requirement further limits the subject matter jurisdiction of federal courts by requiring standing and ripeness.[14]  In other words, "[a] suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction."[15]  "[R]eliance on the phrase 'original jurisdiction' is not enough, because federal courts have subject-matter jurisdiction only if constitutional standing requirements also are satisfied."[16]

The removal statute is "strictly construed," and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."[17] "[A] defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."[18]  Pursuant to 28 U.S.C. § 1447(c),

---

[14] *See, e.g.*, *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *In re East Coast Foods, Inc.*, 80 F.4th 901, 905–06 (9th Cir. 2023), *cert. denied sub nom. Clifton Cap. Grp., LLC v. Sharp*, 144 S. Ct. 1064 (2024); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010).

[15] *In re East Coast Foods, Inc.*, 80 F.4th at 905–06 (internal quotation marks omitted) (quoting *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)).

[16] *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) (citing *Spokeo*, 578 U.S. at 338–39); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing these [standing] elements").

[17] *Lake v. Ohana Mil. Communities, LLC*, 14 F.4th 993, 1000 (9th Cir. 2021) (internal quotation marks omitted) (first quoting *Haw. ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); and then quoting *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989)).

[18] *Ohana Mil. Communities, LLC*, 14 F.4th at 1000 (quoting *Haw. ex rel. Louie*, 761 F.3d at 1034).

Case No. 3:24-cv-00153-SLG, *Ott, et al. v. SOA Dep't of Health, et al.*
Order Granting Plaintiffs' Motion to Remand
Page 4 of 14
Case 3:24-cv-00153-SLG   Document 22   Filed 10/17/24   Page 4 of 14

"[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. The remand statute also states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[19]

## DISCUSSION

### I. REMAND

Plaintiffs assert that by disputing the existence of standing, the State has failed to meet its burden as the removing party to establish this Court's subject matter jurisdiction, thereby necessitating a remand.[20]

The State disagrees, contending that the "Court cannot remand this case without first considering the issue of Plaintiffs' standing."[21] The State calls on Plaintiffs to take a position on standing in order to give the Court an opportunity to rule on the question.[22] According to the State, "[i]n each of the cases the Plaintiffs cite that was remanded due to lack of standing, the federal court actually ruled on the issue"; in other words, remand in those cases resulted from a decided lack of

---

[19] 28 U.S.C. § 1447(c).

[20] Docket 11-1 at 5–6.

[21] Docket 17 at 3.

[22] Docket 17 at 7.

Case No. 3:24-cv-00153-SLG, *Ott, et al. v. SOA Dep't of Health, et al.*
Order Granting Plaintiffs' Motion to Remand
Page 5 of 14

jurisdiction, rather than from the removing party's mere challenge of the same.[23] In support of this, the State identifies several cases in which the defendant removed the lawsuit to federal court and the district court found that there was no jurisdiction before remanding the case back to state court.[24]

As noted above, the party seeking removal bears the burden of establishing that removal is proper.[25] This includes proving the existence of the plaintiff's standing.[26] Failure to meet this burden results in a presumption that the federal court lacks jurisdiction.[27] When it appears that a district court lacks subject matter jurisdiction, the court must remand the case.[28]

The Court finds that remand based on the State's failure to meet its removal burden does not depend on Plaintiffs' position on standing or on the Court making

---

[23] Docket 17 at 4.

[24] Docket 17 at 4–6 (first citing *Collier*, 889 F.3d at 896–97; then citing *Masuda v. Lucile Salter Packard Children's Hosp.*, Case No. 20-CV-09389, 2021 WL 4305979, at *3–4 (N.D. Cal. Sept. 22, 2021); then citing *Orpilla v. Schenker, Inc.*, Case No. 19-CV-08392, 2020 WL 2395002, at *5, 7 (N.D. Cal. May 12, 2020); and then citing *Mayorga v. Carter's Inc.*, Case No. 22-CV-1467, 2022 WL 1190350, at *2 (C.D. Cal. Apr. 21, 2022)).

[25] *Ohana Mil. Communities, LLC*, 14 F.4th at 1000.

[26] *Lujan*, 504 U.S. at 561 ("The party invoking federal jurisdiction bears the burden of establishing" Article III standing"); *see also In re East Coast Foods, Inc.*, 80 F.4th at 906; *Chandler*, 598 F.3d at 1121–22.

[27] *See Ohana Mil. Communities,* 14 F.4th at 1000 ("A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears . . . . [A] defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.") (internal quotation marks omitted) (first quoting *Stock W., Inc.*, 873 F.2d at 1225; then quoting *Haw. ex rel. Louie*, 761 F.3d at 1034).

[28] 28 U.S.C. § 1447(c).

Case 3:24-cv-00153-SLG   Document 22   Filed 10/17/24   Page 6 of 14

a final jurisdictional ruling.  While there are cases in which courts have found a lack

of standing before issuing an order to remand, district courts in this Circuit are clear

that they need not do so when the question is one of meeting the removal burden.

For example, the District of Nevada remanded a case where the plaintiff did not

take a position on whether Article III standing existed.[29]  The court there found that

the defendant, as the removing party, bore the burden of establishing removal

jurisdiction, and "[b]ecause the defendant has not met that burden but instead

argued that this court lacks the power to hear this case because of a lack of Article

III standing, it appears that this court lacks subject-matter jurisdiction."[30]  The court

clarified that its holding did "not determine whether plaintiff can establish that he

suffered an injury in fact; [it] merely h[e]ld that the defendant has failed to meet its

burden to show that federal jurisdiction exists."[31]  Similarly, the Northern District of

California explained that "courts have remanded where either the plaintiffs agreed

that the standing requirements were not satisfied or took no position on the

question.  But the reasoning in these cases did not depend on the plaintiff's position

regarding standing; instead, the focus was on whether the defendant had met its

burden."[32]

---

[29] *Martinez v. Royal Links Golf Club*, Case No. 2:18-CV-002393, 2019 WL 13147852, at *1 (D. Nev. Feb. 25, 2019).

[30] *Id.* at *1.

[31] *Id.* at *1 n.8.

[32] *Walker v. Kroger Co.*, Case No. 22-CV-00261, 2022 WL 20208929, at *1 (N.D. Cal. June 21,

Case No. 3:24-cv-00153-SLG, *Ott, et al. v. SOA Dep't of Health, et al.*
Order Granting Plaintiffs' Motion to Remand
Page 7 of 14
Case 3:24-cv-00153-SLG   Document 22   Filed 10/17/24   Page 7 of 14

Courts in other circuits agree. A North Carolina court remanded where the defendant alleged lack of standing and the plaintiff took no position, finding that:

> Defendants cannot use the bare requirements of section 1332 to get a foot in the door of a federal court and thereby obtain a clean slate on which to seek dismissal for lack of subject-matter jurisdiction. Instead, defendants bear the burden to show both a basis for diversity jurisdiction and that [the plaintiff] has Article III standing. By arguing [the plaintiff] lacks standing, defendants have not carried their burden.[33]

These cases make clear that by challenging standing, a removing party fails to meet its burden to establish the federal court's subject matter jurisdiction. This leads to a presumed lack of jurisdiction and a need for remand.

Furthermore, the cases cited by the State in which a federal court found a lack of jurisdiction before issuing an order to remand are distinguishable because, in each of those cases, the *plaintiff* asserted a lack of standing.[34] More specifically, those plaintiffs each contended that they lacked a concrete injury sufficient to

---

2022) (citations omitted).

[33] *Cumberland Cnty. v. Chemours Co.*, 608 F. Supp. 3d 294, 297 (E.D.N.C. 2022) (citations omitted).

[34] *Collier*, 889 F.3d at 895 ("[B]oth parties insist that the plaintiffs lack Article III standing to sue."); *Masuda*, 2021 WL 4305979, at *1 ("Plaintiff argues that she lacks Article III standing to bring this claim in federal court."); *Orpilla*, 2020 WL 2395002, at *2 ("Plaintiff moves this Court to remand this action to California state court because there is no Article III standing . . . .") (internal quotation marks omitted); *Mayorga*, 2022 WL 1190350, at *1 ("Plaintiff now moves to remand the action back to Los Angeles County Superior Court based on the fact that she lacks standing under Article III.").

Case No. 3:24-cv-00153-SLG, *Ott, et al. v. SOA Dep't of Health, et al.*
Order Granting Plaintiffs' Motion to Remand
Page 8 of 14
Case 3:24-cv-00153-SLG   Document 22   Filed 10/17/24   Page 8 of 14

maintain their suit in federal court and thus sought to remand the case to state court.[35]

The Court therefore remands this case back to state court. By removing the lawsuit to federal court based on the assertion that this Court has subject matter jurisdiction and then reversing course and asserting a lack of subject matter jurisdiction a mere 20 days later,[36] the State has not met its burden to establish that this Court has subject matter jurisdiction. Lack of subject matter jurisdiction is presumed, and remand is mandatory.

The State further asserts that the Court should consider dismissing the case rather than remanding it.[37] For this, the State points to the futility doctrine.[38] This doctrine is a narrow exception to 28 U.S.C. § 1447(c)'s remand requirement that allows courts to dismiss a case when there is "absolute certainty" that a state court will do the same.[39] In their reply, Plaintiffs point out that the State fails to "differentiate between the federal law on Article III standing, and the Alaska law on standing that will apply on remand," which undermines any purported certainty that

---

[35] *Collier*, 889 F.3d at 895; *Masuda*, 2021 WL 4305979, at *3; *Orpilla*, 2020 WL 2395002, at *4; *Mayorga*, 2022 WL 1190350, at *3.

[36] *See* Docket 1 at 1–2; Docket 9 at 3.

[37] Docket 17 at 8–9.

[38] Docket 17 at 8–9.

[39] *Bell v. City of Kellogg*, 922 F.2d 1418, 1424–25 (9th Cir. 1999) (quoting *Me. Ass'n of Interdependent Neighborhoods v. Comm'r, Me. Dep't. of Human Servs.,* 876 F.2d 1051, 1054 (1st Cir. 1989)).

Case No. 3:24-cv-00153-SLG, *Ott, et al. v. SOA Dep't of Health, et al.*
Order Granting Plaintiffs' Motion to Remand
Page 9 of 14
Case 3:24-cv-00153-SLG   Document 22   Filed 10/17/24   Page 9 of 14

the state court would dismiss the case.[40]  And Plaintiffs correctly note that the case law "caution[s federal courts to permit] state courts [to] adjudicate their own jurisdiction."[41]

This Court finds simply that the State has failed to demonstrate that this Court has the constitutionally required subject matter jurisdiction.  This Court does not make any findings on standing under state law; as such, the futility doctrine does not apply.

## II.    ATTORNEY'S FEES

Plaintiffs next assert that the Court should award attorney's fees.[42]  A court may award fees pursuant to 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal."[43]  In *Martin v. Franklin Capital Corporation*, the Supreme Court explained:

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable bases for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, districts courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or

---

[40] Docket 18 at 8 (*citing Trustees for Alaska v. State*, 736 P.2d 324, 327 (Alaska 1987)).

[41] Docket 18 at 8 (citing *Bell*, 922 F.2d at 1425).

[42] Docket 11-1 at 9–10.

[43] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *see also Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018).

> failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.[44]

Plaintiffs liken the State's actions here to those of the defendant in *Collier v. SP Plus Corporation*; like the State here, the defendant there "removed the case to federal court by invoking federal question jurisdiction . . . [and then] turned around and thereafter moved to dismiss the case for a lack of Article III standing."[45]  The Seventh Circuit labeled this a "dubious strategy [that] resulted in a significant waste of federal judicial resources."[46]  Plaintiffs here assert that the State is a sophisticated litigant that should have been aware of the Seventh Circuit's holding. As such, Plaintiffs maintain that the State's decision to engage in this same strategy was "objectively unreasonable."[47]

The State disagrees.  It contends that removal was objectively reasonable because there was obvious federal question jurisdiction, and that it had an equally reasonable basis to assert lack of standing.[48]  The State references Supreme Court precedent that cautions against automatic fee shifting in that it unfairly discourages defendants from removing a case unless the right to remove is

---

[44] 546 U.S. at 141 (citations omitted). s

[45] Docket 11-1 at 6 (citing 889 F.3d at 895).

[46] Docket 11-1 at 6 (alteration in original) (quoting *Collier*, 889 F.3d at 897).

[47] Docket 11-1 at 10.

[48] Docket 17 at 10.

absolutely certain.[49]  The State also cites to three cases for the proposition that the Ninth Circuit often rejects fee awards upon remand when the lawsuit had been improperly removed.[50]  But none of those cases is on point.  In *Baker Ranches, Inc. v. Haaland*, in an unpublished memorandum, the Ninth Circuit vacated the district court's decision to remand the action to state court, and in the process upheld the trial court's denial of attorney's fees.[51]  In *Grancare, LLC v. Thrower by & through Mills*, the Ninth Circuit upheld the district court's award of fees after remanding to state court, but noted that removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."[52]  And in *Keehan Tennessee Investments, LLC v. Guardian Capital Advisors, Inc.*, another unpublished decision, the Ninth Circuit reviewed the district court's sua sponte remand to state court. [53]  On appeal, the Circuit reversed the award of attorney's fees to the *defendants*, holding that both parties were to blame for litigating the case in the federal court without subject matter jurisdiction for nearly a year.[54]

---

[49] Docket 17 at 10 (quoting *Martin*, 546 U.S. at 140).

[50] *See* Docket 17 at 10–11 n.30.

[51]Case No. 22-15765, 2023 WL 6784357, at *1–2 (9th Cir. Oct. 13, 2023).

[52] 889 F.3d at 552.

[53] 692 F. App'x 445, 446 (9th Cir. 2017).

[54] *Id.*

Case No. 3:24-cv-00153-SLG, *Ott, et al. v. SOA Dep't of Health, et al.*
Order Granting Plaintiffs' Motion to Remand
Page 12 of 14
Case 3:24-cv-00153-SLG   Document 22   Filed 10/17/24   Page 12 of 14

Given that Article III standing is an essential component for this Court's subject matter jurisdiction that a removing party must establish, the Court finds that the State was objectively unreasonable in removing this case to federal court and then promptly moving to dismiss based on Plaintiffs' lack of standing. A "defendant lack[s] an objectively reasonable basis for seeking removal and the plaintiff [is] entitled to attorney's fees, where the defendant removed the case on the basis of federal jurisdiction, only to turn around and seek dismissal with prejudice on the ground that federal jurisdiction was lacking."[55]

But the Court finds that unusual circumstances are present here that warrant the denial of the requested fee award. As the Supreme Court recognized in *Martin,* one such unusual circumstances that may justify a departure from the rule is "a plaintiff's failure to disclose facts necessary to determine jurisdiction."[56] Here, the State has asserted that Plaintiffs' complaint is deficient because neither of the named Plaintiffs "allege that they have been denied necessary medical services

---

[55] *Morgan v. Bank of Am., N.A.*, Case No. 2:20-CV-00157, 2020 WL 3979660, at *3 (E.D. Wash. July 14, 2020) (quoting *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016)); *see also Barnes v. ARYZTA, LLC*, 288 F. Supp. 3d 834 (N.D. Ill. 2017); Zachary D. Clopton & Alexandra D. Lahav, *Fraudulent Removal*, 135 Harv. L. Rev. F. 87, 88–89 (2021) ("The clearest example of fraudulent removal is when a defendant removes a case to federal court and plans to immediately argue that the federal court lacks subject matter jurisdiction. This self-incriminating motion shows that the defendant knew or should have known that removal was improper. . . . [F]raudulent removal wastes judicial resources, needlessly delays proceedings, and offends notions of federalism.").

[56] *Id.*

Case No. 3:24-cv-00153-SLG, *Ott, et al. v. SOA Dep't of Health, et al.*
Order Granting Plaintiffs' Motion to Remand
Page 13 of 14
Case 3:24-cv-00153-SLG   Document 22   Filed 10/17/24   Page 13 of 14

as a result of any delay in processing their Medicaid applications."[57]   That the

State, faced with the strict timeline to seek removal of the case and not knowing

whether this Court would agree with the State on the standing issue, sought out

the federal forum in these circumstances, does not warrant a fee award.  Remand

is warranted because a plaintiff is a "master of her complaint" and can plead to

avoid federal jurisdiction;[58] yet the burden to establish this Court's jurisdiction rests

with a removing defendant, such that the fee award in these circumstances is

unwarranted.[59]

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand to State

Court and for Attorney's Fees is **GRANTED**.   The request for an award of

attorney's fees is **DENIED.**    All other pending motions at Docket 9, Docket 12,

Docket 13, and Docket 16 are **DENIED AS MOOT.** The Clerk of Court shall enter

a final judgment remanding this matter to the Anchorage Superior Court.

DATED this 16th day of October 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[57] Docket 9 at 3.

[58] *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 998-99 (citation omitted) (9th Cir. 2007).

[59] Further, this Court is unaware of the State having taken this litigation strategy in any prior case that has come before it.  That the State is now on notice of this Court's interpretation of the removal statute and case law could impact any request for a fee award if the same removal and motion practice were to ensue in a different matter.

Case No. 3:24-cv-00153-SLG, *Ott, et al. v. SOA Dep't of Health, et al.*
Order Granting Plaintiffs' Motion to Remand
Page 14 of 14
Case 3:24-cv-00153-SLG   Document 22   Filed 10/17/24   Page 14 of 14